Affirmed and Memorandum Opinion filed June 13, 2006









Affirmed
and Memorandum Opinion filed June 13, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00376-CR

____________

 

ROGACIANO ESTRADA
VENCES,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 976,667

 



 

M E M O R A N D U M   O P I N I O N

Appellant pleaded not guilty to the
offense of murder.  He was then convicted
and the sentenced to sixty years=
imprisonment.  In two issues, appellant
challenges the factual sufficiency of the evidence supporting his
conviction.  We affirm.

Background








Appellant and Hilaria Perez were married
and had three children.  During a
separation in their marriage, Perez had an intimate relationship with Manuel
Ruiz but eventually returned to appellant. 
Ruiz continued to pursue Perez and threatened to tell appellant about
their relationship unless Perez returned to him.  Ruiz took Perez=s jewelry and
purse and threatened to show them to appellant as proof that they had been
seeing each other.  Ruiz called appellant
and told him to ask Perez about her purse and about him.

Perez arranged to meet Ruiz at his
apartment complex to retrieve her purse and jewelry.  She drove to Ruiz=s apartment
complex in appellant=s van. 
When she arrived at the apartment complex, Ruiz got into the passenger
seat of the van.  After they talked for a
while, Perez saw appellant walk up to the van and heard gunshots.  Perez testified that appellant shot and
killed Ruiz and then shot her.

Appellant testified that while he was at
his office, he received a telephone call saying his wife had been in an
automobile accident in the parking lot of an apartment complex.  Because his wife had his van, appellant
borrowed a dark Ford Explorer from his co-worker, Juan Martinez, and drove to
the apartment complex.  When he arrived,
appellant saw that his wife had been shot, and he left the parking lot because
he did not know what to do at the time. 
Appellant then picked up his children from school and went to
Tennessee.  He claimed that he intended
to return to Texas but did not have enough money.

Surveillance cameras at the gate to Ruiz=s apartment
complex show a black Ford Explorer entering the complex at 1:50 p.m. on the day
of the murder.  At 1:52 p.m., the same
vehicle crashed through the gate and fled, damaging the driver=s side mirror and
the gate.  Later the same day, appellant
went to his office to pick up a paycheck. 
Appellant=s manager testified that appellant was
visibly shaken said, AI told her.  I told her it was going to happen.  I warned her.@  Appellant was arrested in Tennessee
approximately eight days later.

Factual Sufficiency of the Evidence








In two issues,
appellant contends the evidence is factually insufficient to prove he
intentionally and knowingly (1) caused Ruiz=s death by
shooting him with a firearm and (2) committed an act clearly dangerous to human
life.  A factual sufficiency review
begins with the presumption that the evidence supporting the jury=s verdict was
legally sufficient.  Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We do not view the evidence Ain the light most
favorable to the prosecution.@  Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997).  Instead, we view
the evidence in a neutral light and inquire whether the jury was rationally
justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  We may find the
verdict factually insufficient in two ways. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict, the
contrary evidence may be strong enough that the beyond-a-reasonable-doubt
standard could not have been met.  Id.  We must discuss the evidence appellant
claims is the most important in allegedly undermining the jury=s verdict.  Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).  However, we must
employ appropriate deference so that we do not substitute our judgment for that
of the fact-finder.  Zuniga, 144
S.W.3d at 482.  Our evaluation should not
intrude upon the fact-finder=s role as the sole
judge of the weight and credibility given to any witness=s testimony.  Cain, 958 S.W.2d at 407.

The State may prove the offense of murder
by proving a defendant (1) intentionally or knowingly caused the death of an
individual or (2) intended to cause serious bodily injury and committed an act
clearly dangerous to human life that caused the death of an individual. See
Tex. Penal Code Ann. ' 19.02(b)(1)‑(2)
(Vernon 2003).  Perez testified that
appellant walked up to the van in which she and Ruiz were sitting and shot Ruiz
in the head.  The videotape shows the
vehicle appellant drove entering the apartment complex parking lot shortly
before gunshots were heard and crashing through the exit gate two minutes
later.  The same day, appellant fled to
Tennessee with his children, and he enrolled them in school there.








Appellant argues that because Perez=s testimony was
not credible, the verdict is against the great weight and preponderance of the
evidence.  In reviewing for factual
sufficiency, we must take care to avoid substantially intruding on the jury=s role to
determine the weight and credibility to be given to witness testimony and to
resolve conflicts in the evidence.  See
Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002); Cain, 958 S.W.2d at 410.  Although there was conflicting evidence, the
jury chose to believe Perez=s testimony that
appellant shot Ruiz.  Further, Perez=s testimony was
corroborated by other inculpatory evidence at trial.  Juan Martinez testified that he lent
appellant his black Ford Explorer on the day of the murder.  Surveillance cameras recorded a black Ford
Explorer entering the apartment complex at the approximate time of the
shooting.  The same vehicle crashed
through the exit gate two minutes later. 
An apartment resident testified that at the time of the shooting, she
saw a Hispanic male driving a dark-colored truck or sport utility vehicle near
the van in the parking lot.  Martinez
testified that appellant returned the Ford Explorer damaged and that Martinez
called the police when he heard they were looking for his vehicle.  Finally, the jury could have inferred
appellant=s guilt from his flight to Tennessee.  See Bigby v. State, 892 S.W.2d 864,
883 (Tex. Crim. App. 1994) (noting that evidence of flight is a circumstance
from which the jury can infer guilt). 
Viewing the evidence in a neutral light, we conclude the evidence is not
too weak to support guilt beyond a reasonable doubt, and the contrary evidence
was not strong enough to conclude that the reasonable doubt standard could not
be met.  We overrule appellant=s two issues.

We affirm the trial court=s judgment.

 

 

/s/      Leslie Brock Yates

Justice

 

 

Judgment
rendered and Memorandum Opinion filed June 13, 2006.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).